IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER PIERCE,**
           **Petitioner,**

        v.                     CASE NO.  07-3019-SAC

**KAREN ROHLING,**
**et al.,**
           **Respondents.**

### O R D E R

    This action was filed on forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF). Mr. Pierce has also filed a certified copy of his "Inmate Account Statement," which the court treats as a Motion to Proceed Without Prepayment of Fees (Doc. 2). Having considered the materials filed, the court finds as follows.

    Petitioner is serving a term of 30 years to life in Kansas state prison following his convictions in 1993 in the District Court of Wyandotte County, Kansas, of aggravated kidnaping and robbery. As the only "ground" for this Petition, Mr. Pierce writes, "Over-medicated." As "supporting facts" he alleges Oklahoma authorities "linked my whereabouts in . . . Omaha at the time of this alleged Kansas City Kansas crime . . . ." Two exhibits he attaches are a copy of his "Notification of Parole Consideration Date" from 2001, which has an entry "Missing Information: FBI Abstract;" and a letter from a "Corrections Consultant" requesting a fee of $2000 to $3000 to attend a parole hearing with Mr. Pierce.

Petitioner has been repeatedly informed by this court that in order to proceed under 28 U.S.C. 2241, he must first exhaust available state court remedies on his claims. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). Mr. Pierce makes no showing that he has pursued state court remedies on an execution-of-sentence claim of "over-medicated." Nor does he state any fact, such as a named defendant, date, or event to support such a claim. To state a claim for relief under Section 2241, petitioner must allege he is "in custody in violation of the Constitution or laws or treaties of the United States." The court concludes petitioner states no claim under 28 U.S.C. 2241.

The "supporting facts" alleged by petitioner have nothing to do with medication, and are not sentence-execution claims. Instead, they amount to a challenge to his 1993 state convictions, which has previously been raised and denied in actions filed by him under 28 U.S.C. 2254. Mr. Pierce has filed several 2254 petitions found to be "second and successive" under 28 U.S.C. 2244(b)(3)(A). See Pierce v. Nelson, Case No. 00-3240 (D.Kan. Jan. 31, 2001) and Pierce v. Roberts, Case No. 06-3047 (D.Kan. Feb. 21, 2006)[1]. He has been repeatedly informed that before a successive 2254 petition may proceed in this court, he must obtain prior authorization from the United States Court of Appeals for the Tenth Circuit. However, in October 2004, the Tenth Circuit ordered Mr. Pierce to pay $250.00 to

---

[1] Mr. Pierce has also been designated a "three-strikes litigant' under 28 U.S.C. 1915(g). See e.g., Pierce v. KDOC, 03-3429 (January 27, 2004).

2

the Clerk of that Court, and further ordered "he shall not be permitted to pursue further matters in this court challenging the conviction and sentence imposed by the Kansas state courts for aggravated robbery and kidnaping until he provides proof that he has paid the $250.00."  See Pierce v. Roberts, 04-3386 (10th Cir., October 19, 2004, unpublished).  Mr. Pierce does not present proof that he has paid the fee required by the Tenth Circuit.

For the foregoing reasons, the court finds this action must be dismissed.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted; and this action is dismissed and all relief denied.

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge